# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 7 Case |
| DOROTHY A. ROTHMAN | ) | |
| | ) | Number 04-41563 |
| Debtor | ) | |

## MEMORANDUM AND ORDER
## ON THE DEBTOR'S MOTION FOR TURNOVER AND
## RECOVERY OF PROPERTY HELD BY THE CHAPTER 7 TRUSTEE

The Debtor has filed a motion seeking the turnover and recovery of $21,927.13, which is currently in the possession of the Chapter 7 Trustee. A hearing on this matter was held on August 30, 2006. The Debtor and the Chapter 7 Trustee were both granted two weeks after the hearing to file letter briefs with the Court addressing the issues and questions of law that arose during that hearing. After considering the evidence provided by the parties, the arguments presented, and all applicable authorities, I make the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Debtor filed this Chapter 7 case on May 21, 2004.[1] In her Schedule B -

---

[1] Because this case filed was before October 17, 2005, the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 do not apply to this matter.

Personal Property, the Debtor disclosed that she was a participant in a class action lawsuit seeking recovery for the damages she suffered from her use of the drug Phen-Fen. The Debtor's participation in this class action lawsuit was again discussed at her meeting of creditors held pursuant to 11 U.S.C. § 341.[2] At this meeting, the Chapter 7 Trustee instructed the Debtor to keep him apprised of any updates concerning this litigation. In January 2005, the Chapter 7 Trustee again inquired about the lawsuit. The Debtor informed him that it remained pending at that time, and she provided him with the address and phone number of her counsel handling the Phen-Fen litigation.

In October 2005, a settlement was reached in the Phen-Fen litigation on behalf of the Debtor in the amount of $65,000.00. The Debtor filed a motion to approve that settlement, which this Court granted. *See* Dckt. No. 21 (February 6, 2006). After paying her class action attorney's fees and expenses and satisfying her state law exemptions of $15,500.00, the Chapter 7 Trustee received a balance of $21,927.13 in early 2006.

On November 4 2005, a notice was sent out to creditors listed on the Debtor's schedules. *See* Dckt. No. 14 (November 4, 2005). According to the notice, an asset had been recovered in the Debtor's case, and all creditors who wished to share in the distribution of that asset had to file a proof of claim with the Court by February 2, 2006. Furthermore, the notice stated that those creditors "who do not file a proof of claim on or

---

[2] Hereinafter, all Section references are to Title 11 of the United States Code.

AO 72A
(Rev. 8/82)

2

before this date will not share any distribution from the debtor's estate." No creditor filed a claim by the February 2, 2006, deadline. However, the Chapter 7 Trustee filed proofs of claim for 11 creditors on August 14, 2006. *See* Dckt. No. 31 (August 14, 2006).

The Debtor now seeks the return of the funds held by the Chapter 7 Trustee. The basis for her motion is her argument that the proofs of claim filed by the Chapter 7 Trustee on behalf of various creditors are untimely. As a result, those creditors should not share in any distribution of the funds held by the Chapter 7 Trustee. In addition, the Debtor has filed an objection to these proofs of claims and seeks their disallowance. *See* Dckt. No. 38 (September 11, 2006). In opposition to the Debtor's motion, the Chapter 7 Trustee stands on his authority as a trustee under the Bankruptcy Code to file claims on behalf of creditors. Furthermore, he claims that even if the claims he filed on behalf of creditors are untimely, Section 726(a) still provides that those claims must be fully satisfied before any amount of the funds could be returned to the Debtor.

## CONCLUSIONS OF LAW

Resolution of this matter requires an examination of the interplay between various provisions of the Code and the Federal Rules of Bankruptcy Procedure. The November 4, 2005 notice provided all creditors with ninety (90) days to file a proof of claim if they sought to share in the $21,927.13 held by the Chapter 7 Trustee. This period satisfies the time period required for proofs of claim under Rule 3002(c)(5), which states the

following:

> If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.
>
> Fed. R. Bankr. Proc. 3002(c)(5).

In addition, under Rule 3004, if a creditor does not file a proof of claim "on or before the first date set for the meeting of creditors called pursuant to [Section] 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable." Fed. R. Bankr. Proc. 3004. This Rule is in accord with Section 501(c), which states that if a creditor "does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. § 501(c).

Reading these provisions together, the Chapter 7 Trustee had 30 days after the expiration of the time prescribed by Rule 3002(c)(5) to file proofs of claim on behalf of creditors under Rule 3004. If he sought to act pursuant to Section 501(c), the Chapter 7 Trustee only had 30 days after the February 2, 2006, deadline to file the proofs of claim. Having failed to do so within the time limit set out in Rule 3004, I conclude that the Chapter 7 Trustee's August 14, 2006, proofs of claim must be considered untimely. The bankruptcy

court in In re Nettles reached the same conclusion in a case involving facts that were very similar to those now before the Court. 251 B.R. 899, 901-02 (Bankr. M.D. Fla. 2000)(sustaining objections to the proofs of claim filed by the Chapter 7 Trustee on behalf of creditors under Rule 3004 when he failed to file them within 30 days after the time permitted for creditors to file proofs of claim under Rule 3002(c)(5)).

The Court must now address the Chapter 7 Trustee's contention that even if his August 14, 2006, proofs of claims are untimely, the Debtor is barred by Section 726 from sharing in any recovery of the $21,927.13. Section 726(a)(3) permits a tardily filed proof of claim under Section 501(a) to be fully satisfied before the debtor receives a distribution, even if that creditor had notice or knowledge of the case in time for a timely filing.

What is relevant, however, is what is omitted from the text of Section 726(a)(3). Only those claims that are tardily filed under Section 501(a), claims filed by a *creditor*, qualify under Section 726(a)(3). Relevant for the present matter, Section 726(a)(3) does not mention Section 501(c), which is the provision of the Code that permits a *trustee* to file a proof of claim on behalf of creditors. Those claims that a trustee files on behalf of creditors that are considered tardy are not entitled to a distribution under Section 726(a)(3), as would the tardily filed claims of creditors. "No provision is made for the payment of claims filed tardily under [Section 501(c)]." Drew v. Royal (In re Drew), 256 B.R. 799, 804

(10th Cir. B.A.P. 2001). A reading of the plain text of Section 726(a)(3) clearly indicates that claims tardily filed by trustees under Section 501(c) do not receive the same protection as claims tardily filed by creditors under Section 501(a).

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Debtor's motion requesting turnover and recovery of the funds held by the Chapter 7 Trustee in connection with the Phen-Fen litigation is GRANTED. Furthermore, the Debtor's objection to the August 14, 2006, proofs of claim filed by the Chapter 7 Trustee is GRANTED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This ___ day of October, 2006.